Filed 11/12/24  Adoption of R.P. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Adoption of R.P., a Minor. | B335888 |
| | (Los Angeles County Super. Ct. No. 22CCAD01524) |
| M.R., | |
| Plaintiff and Respondent, | |
| v. | |
| C.P., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rudolph Diaz, Judge.  Reversed and Remanded.

Richard B. Lennon and Ellen Bacon Wiley, by appointment of the Court of Appeal, for Defendant and Appellant.

Leslie A. Barry, by appointment of the Court of Appeal, for Plaintiff and Respondent.

## INTRODUCTION

Appellant C.P. (father) appeals from an order of the juvenile court terminating his parental rights with respect to his daughter, R.P., and declaring her free from his parental custody and control. Respondent M.R. (step-father) concedes that the juvenile court made several errors, described below. Therefore, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

On September 22, 2022, step-father filed a petition to adopt R.P., who was 10 years old at the time. The petition alleged father had left R.P. in the care of her mother for one year or longer without providing for R.P.'s support or communicating with her. The petition included an ICWA-020 form in which R.P.'s mother denied Indian status.[1]

On November 21, 2023, the juvenile court issued a citation to father, directing him to appear and present evidence why R.P. should not be declared free from his custody or control. However, the citation bore the wrong date, indicating that the hearing would occur on January 22, 2023—which had already passed. On January 4, 2024, the citation was served on father in state prison. A probation officer's report was issued, indicating that the probation department could not get a statement from father, and recommending that the petition be granted.

On January 22, 2024, the juvenile court held its hearing on the citation issued to father. Father was not present. The court heard from step-father

---

[1] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

and from R.P.'s mother.  The court did not hear from R.P.  The court found notice proper, found that father had abandoned R.P., found that ICWA did not apply, and issued the requested judgment.

Father submitted a letter dated January 14, 2024 and file-stamped by the court on January 29, 2024.  The letter noted the erroneous date on the citation and requested that father be present at all hearings.  The trial court held a non-appearance review and issued a minute order indicating that father's remedy was to appeal.  Father timely appealed.

## DISCUSSION

Father identifies four errors, all of which are conceded by step-father. First, as an incarcerated person, father was entitled to the protections of Penal Code section 2625.  Those include the right to be present at the hearing, unless that right has been affirmatively waived.  (Pen. Code, § 2625 subd. (d).)  Second, the citation served on father was defective, because the listed hearing date had already passed.  (Fam. Code, § 7880, subd. (c).) Third, Family Code section 7891 requires the court to hear the views of the child, in chambers, unless an exception applies.  Fourth and finally, there was no inquiry into father's Indian status as required by ICWA.  (Welf. & Inst. Code, §§ 224, subd. (d), 224.1, subd. (d), 224.2, subd. (c).)  While these procedural requirements must be fulfilled, we express no opinion on the appropriate outcome.

//

//

//

3

**DISPOSITION**

The juvenile court's order and judgment is reversed.  The matter is remanded for further proceedings consistent with Penal Code section 2625, Family Code sections 7880 and 7891, and ICWA.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


COLLINS, J.

4